JEFFREY J. ZUBER (SBN 220830)
  jzuber@ztllp.com
LISA M. LAWRENCE (SBN 240375)
  llawrence@ztllp.com
**ZUBER & TAILLIEU LLP**
777 South Figueroa Street
37th Floor
Los Angeles, CA 90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Hydrodynamic Industrial Co., Ltd.

BY
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2012 JUN 11  PM 2:23
FILED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Hydrodynamic Industrial Co., Ltd., a Hong Kong corporation,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Green Max Distributors, Inc., a Washington corporation, and DOES 1-10 inclusive;<br><br>　　　Defendant. | CASE NO. **CV12-5058** -GHK (JEMx)<br><br>**COMPLAINT FOR PATENT INFRINGEMENT;**<br><br>**DEMAND FOR JURY TRIAL** |

0100-9999 / 259815.1

1    Plaintiff, Hydrodynamic Industrial Co., Ltd. ("HIC") by and through its
2 undersigned counsel, for its complaint against Green Max Distributors, Inc.
3 ("GMD") hereby alleges and states:

4                                **PARTIES**

5    1.    Plaintiff Hydrodynamic Industrial Co., Ltd. ("HIC") is a corporation
6 existing and duly organized under the laws of Hong Kong, China.  HIC is the owner
7 of U.S. Patent Nos. 6,848,385 and D527,702.

8    2.    Upon information and belief, Defendant Green Max Distributors, Inc.
9 ("GMD") is, and at all times relevant herein has been, a corporation duly organized
10 and existing under the laws of Washington.  GMD's principal address is at 2602 S.
11 38th Street, Suite 199, Tacoma, WA 98409.

12   3.    HIC is informed and believes, and on that basis alleges, that DOES 1-
13 50, and each of them, at all times mentioned herein, were individuals, corporations,
14 and/or other organizations or entities organized and existing under the laws of their
15 states of incorporation, and were residents of, and/or doing business in, the State of
16 California.  HIC further alleges that DOES 1-50 acted in concert with, were agents
17 of, representatives of, or co-conspirators of the named Defendant Green Max
18 Distributors, Inc.  HIC does not know the true names and/or capacities of those
19 defendants sued herein as DOES 1-50 and therefore sues these defendants by such
20 fictitious names.  HIC will amend this complaint to allege their true names and
21 capacities when ascertained.  HIC is informed and believes, and on that basis
22 alleges, that defendants sued herein as DOES 1-50, and each of them, are in some
23 manner legally responsible for the wrongful acts set forth herein.

24                        **JURISDICTION AND VENUE**

25   4.    This is a civil action arising in part under laws of the United States
26 relating to patents (35 U.S.C. §§ 271, 281, 283, 284, and 285).  This Court has
27 federal jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331
28 and 1338(a).

5. The acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and within this judicial district, among other places. Defendant offers for sale, markets, advertises, sells, uses and/or makes the infringing products in this judicial district.

6. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a), (b ). Defendant has committed acts of infringement in this judicial district, and the Court has personal jurisdiction over the Defendant. The Court has general and specific personal jurisdiction over Defendant.

**FIRST CAUSE OF ACTION – PATENT INFRINGEMENT**

7. HIC incorporates herein by reference the allegations set forth in paragraphs 1-5 of its Complaint as though fully set forth herein.

8. HIC is the owner by assignment of the entire right, title, and interest in and to U.S. Patent No. 6,848,385 ("the '385 Patent"), entitled "Underwater Motive Device," which was duly granted by the United States Patent and Trademark Office on February 1, 2005. (A true and correct copy of the '385 Patent is attached hereto as Exhibit 1).

9. HIC is the owner by assignment of the entire right, title, and interest in and to U.S. Design Patent No. D527,702 ("the '702 Patent"), entitled "Underwater Motive Device," which was duly granted by the United States Patent and Trademark Office on September 5, 2006. (A true and correct copy of the '702 Patent is attached hereto as Exhibit 2).

10. GMD has infringed and continues to infringe the '702 Patent and '385 Patent (collectively, "Patents-in-Suit") by making, using, selling, and/or importing in the United States, sea scooters (including but not limited to the X-treme X-160) that embody or otherwise practice one or more of the claims of the Patents-in-Suit.

11. Defendant has been and still is infringing the Patents-in-Suit under 35 U.S.C. § 271(b) by actively inducing direct infringement by distributors and retailers who make, sell, or use sea scooters that embody or otherwise practice one or more

1 | of the claims of the Patents-in-Suit.

2 |     12.    Defendant has the specific intent to encourage direct infringement of
3 | the Patents-in-Suit by distributors and retailers who make, sell, or use sea scooters
4 | that embody or otherwise practice one or more of the claims of the Patents-in-Suit.

5 |     13.    Defendant's actions, including its sales, advertising, and instructions,
6 | induced direct infringement by distributors and retailers who make, sell, or use sea
7 | scooters that embody or otherwise practice one or more of the claims of the Patents-
8 | in-Suit.

9 |     14.    Defendant knew or should have known that its actions would induce
10 | direct infringement by distributors and retailers who make, sell, or use sea scooters
11 | that embody or otherwise practice one or more of the claims of the Patents-in-Suit.

12 |     15.    Defendant has promoted the sale of the accused infringing products in
13 | the Central District of California either directly or through its distributors and
14 | retailers.

15 |     16.    Plaintiff alleges on information and belief that Defendant will continue
16 | to infringe the Patents-in-Suit unless enjoined by this Court.

17 |     17.    Plaintiff alleges on information and belief that Defendant's
18 | infringement of the Patents-in-Suit is, has been, and continues to be willful and
19 | deliberate.

20 |     18.    As a direct and proximate result of Defendant's infringement of the
21 | Patents-in-Suit, Plaintiff has been and continues to be damaged in an amount yet to
22 | be determined.

23 |     19.    By reason of the above acts, Defendant has caused, is causing, and
24 | unless enjoined and restrained by this court, will continue to cause Plaintiff great
25 | and irreparable injury to, among other things, the good will and business reputation
26 | of Plaintiff, all of which cannot be adequately compensated or measured in money.
27 | Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief,
28 | enjoining and restraining Defendant and its respective officers, agents, servants, and

0100-9999 / 259815.1

1   employees, and all persons acting in concert with it, from further infringement of the

2   Patents-in-Suit.

3                          **PRAYER FOR RELIEF**

4          WHEREFORE, Plaintiff Hydrodynamic Industrial Co., Ltd. prays for

5   judgment against Defendant as follows:

6          A.    for a judicial determination and declaration that Defendant has

7   infringed U.S. Letters Patent No. 6,848,385;

8          B.    for a judicial determination and decree that Defendant's infringement

9   of U.S. Letters Patent No. 6,848,385 done willfully;

10         C.    for a judicial determination and declaration that Defendant has

11   infringed U.S. Letters Patent No. D527,702;

12         D.    for a judicial determination and decree that Defendant's infringement

13   of U.S. Letters Patent No. D527,702 was done willfully;

14         E.    for damages resulting from Defendant's past and present infringement

15   of U.S. Letters Patent Nos. 6,848,385 and D527,702 , and the trebling of such

16   damages because of the willful and deliberate nature of Defendant's infringement;

17         F.    for permanent injunctive relief enjoining against further infringement

18   of U.S. Letters Patent No. 6,848,385 and D527,702 by Defendant, its officers,

19   directors, shareholders, agents, servants, employees, and all other entities and

20   individuals acting in concert with it or on its behalf;

21         G.    for an assessment of prejudgment interest on damages;

22         H.    for a declaration that this is an exceptional case under 35 U.S.C. § 285

23   and for an award of attorneys' fees and costs in this action; and

24         I.    for such other and further relief as the Court deems just and equitable.

25   / / /

26   / / /

27   / / /

28   / / /

**JURY DEMAND**

Further, pursuant to Rule 38 of the Federal Rules of Civil Procedure, HIC hereby demands a trial by jury on all issues so triable.

Dated: June 11, 2012                              Respectfully submitted:

ZUBER & TAILLIEU LLP
JEFFREY J. ZUBER
LISA M. LAWRENCE

By: _____
Attorneys for Hydrodynamic Industrial
Co., Ltd.

0100-9999 / 259815.1

# Exhibit 1



US006848385B2

(12) **United States Patent** (10) Patent No.: **US 6,848,385 B2**
Mah (45) Date of Patent: **Feb. 1, 2005**

(54) **UNDERWATER MOTIVE DEVICE**

(76) Inventor: **Pat Y. Mah**, 8C Leroy Plaza, 15
Cheung Shun Street, Cheung Sha Wan,
Kowloon, Hong Kong (CN)

( * ) Notice: Subject to any disclaimer, the term of this
patent is extended or adjusted under 35
U.S.C. 154(b) by 0 days.

(21) Appl. No.: **10/280,625**

(22) Filed: **Oct. 25, 2002**

(65) **Prior Publication Data**

US 2004/0079272 A1 Apr. 29, 2004

(51) Int. Cl.[7] ............................................... **B63C 11/46**
(52) U.S. Cl. ............................................. **114/315**; 440/6
(58) Field of Search ................................. 114/315, 312,
114/121, 125; 440/6

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,789,788 A   *   2/1974  Peroni ........................ 114/315

5,379,714 A   *   1/1995  Lewis et al. ................. 114/315

* cited by examiner

*Primary Examiner*—Ed Swinehart
(74) *Attorney, Agent, or Firm*—Curtis L. Harrington

(57) **ABSTRACT**

An underwater motive device utilizes a plastic rear housing
which includes a battery storage space sealed with a tight fit
to provide sealing, a pressured removal system is provided
to pressurize the sealed battery chamber to enable the front
wall to be removed. The motor is microprocessor controlled
for safety by providing a slight delay before energizing the
motor, and by providing some time in residence at a slow
speed before switching to a higher speed. The result is a safe
underwater motive device which will not accidentally
become power actuated before the user is able to securely
grasp and direct it, and which will not go to full speed except
from a low speed to give the user a chance to stabilize
himself in the water. Further, the control circuitry includes
other features to provide both long battery life, good ser-
viceable usage and battery preservation and motor preser-
vation.

**8 Claims, 5 Drawing Sheets**



*Fig. 1*



*Fig. 2*





Fig. 3



*Fig. 4*

## Fig. 5



## Fig. 6



*Fig. 7*

