1  Dariush Adli, SBN # 204959
2  adli@adlilaw.com
   Rasheed McWilliams SBN #281832
3  rasheed.mcwilliams@adlilaw.com
4  ADLI LAW GROUP P.C.
   633 West Fifth Street, Suite 6900
5  Los Angeles, California 90071
6  Telephone: 213-623-6546
7  Facsimile: 213-623-6554

8  Attorneys for Defendant and Counterclaimant
9  Green Max Distributors, Inc.

FILED
2013 MAR -5 PM 3:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____
BY FAX

10            UNITED STATES DISTRICT COURT
11            CENTRAL DISTRICT OF CALIFORNIA
              WESTERN DIVISION
12

| | |
|---|---|
| 13  HYDRODYNAMIC INDUSTRIAL CO., LTD., a Hong Kong corporation,<br>14<br>15       Plaintiff,<br>16<br>            vs.<br>17<br>18  GREEN MAX DISTRIBUTORS, INC., a Washington corporation, and DOES 1-10,<br>19  inclusive;<br>20<br>       Defendant.<br>21 | Case No.: CV12-5058-GHK (JEMX)  ODW<br><br>DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF GREEN MAX DISTRIBUTORS, INC. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT |
| 22  GREEN MAX DISTRIBUTORS, INC., a Washington corporation<br>23       Counterclaimant,<br>24<br>            vs.<br>25<br>26  HYDRODYNAMIC INDUSTRIAL CO., LTD., a Hong Kong corporation,<br>27       Counter-Defendant. | |

28  DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF GREEN MAX DISTRIBUTORS, INC. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT

Defendant Green Max Distributors, Inc. ("Green Max" or "Defendant") hereby sets forth its Answer to Plaintiff Hydrodynamic Industrial Co., Ltd.'s ("HIC's" or "Plaintiff's") Amended Complaint for Patent Infringement and Copyright Infringement ("Complaint"), as follows:

## PARTIES

1. Green Max lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, including HIC's alleged ownership of U.S. Patent No. 6,848,385 ("the '385 Patent"), U.S. Design Patent No. D527, 702 ("the '702 Patent"), and Copyright Application No. 1-872937591 and on that basis denies those same allegations.

2. Admitted.

3. Green Max lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and on that basis denies those same allegations.

## JURISDICTION AND VENUE

4. Green Max admits that this Court has federal subject matter jurisdiction over patent and copyright infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Green Max denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Green Max denies that venue in this District is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a), (b) as alleged in Paragraph 6 of the Complaint. Green Max denies each and every remaining allegation in Paragraph 6 of the Complaint.

//

//

1

**DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF GREEN MAX DISTRIBUTORS, INC. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT**

## FIRST CAUSE OF ACTION - PATENT INFRINGEMENT

7. Green Max incorporates by reference its answers to each and every allegation set forth in Paragraphs 1-6 of the Complaint as though fully set forth herein.

8. Admitted.

9. Admitted.

10. Green Max admits that it infringes the valid and enforceable claims of the '702 Patent and the '385 Patent by its importing and selling the X-treme X-160 sea scooter. Green Max denies each and every remaining allegation in Paragraph 10 of the Complaint.

11. Green Max admits that it infringes the valid and enforceable claims of the '702 Patent and the '385 Patent by its importing and selling the X-treme X-160 sea scooter. Green Max denies each and every remaining allegation in Paragraph 11 of the Complaint.

12. Green Max denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Green Max denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Green Max denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Green Max denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Green Max denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Green Max denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Green Max denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Green Max denies the allegations in Paragraph 19 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION - COPYRIGHT INFRINGEMENT

20. Green Max incorporates by reference its answers to each and every allegation set forth in Paragraphs 1-19 of the Complaint as though fully set forth herein.

21. Green Max lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and on that basis denies those same allegations.

22. Green Max lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and on that basis denies those same allegations.

23. Green Max denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Green Max denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Green Max denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Green Max denies the allegations in Paragraph 26 of Plaintiff's Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Green Max denies that Plaintiff is entitled to the relief it requests in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Failure To State A Claim

1. Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense – Equitable Estoppel

2. Plaintiff's claims are unenforceable as they are barred under the doctrine of equitable estoppel.

### Third Affirmative Defense – Laches

3. Plaintiff's claims are unenforceable as they are barred by laches.

//

//

### Fourth Affirmative Defense – Unclean Hands

4. Plaintiff's claims are unenforceable as they are barred by the doctrine of unclean hands.

5. Plaintiff has asserted its claims with knowledge that both the '385 Patent and the '702 Patent are invalid at least based on sales prior to the priority date claimed by the Patents-in-Suit.

### Fifth Affirmative Defense – Patent Invalidity / Unenforceability

6. The Patents-in-Suit (the '385 Patent and the '702 Patent) are invalid and/or unenforceable because they fail to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101-103, 112, 115, and 116.

### Sixth Affirmative Defense – Inequitable Conduct Or Fraud Before USPTO

7. The Patents-in-Suit are unenforceable due to inequitable conduct and/or fraud before the USPTO during the prosecution of the applications that led to the issuance of the Patents-in-Suit.

### Seventh Affirmative Defense – License/Implied License/Patent Exhaustion

8. Plaintiff's claims are barred in whole pursuant to the doctrines of express license, implied licensed, and/or patent exhaustion.

### Eighth Affirmative Defense – Patent Misuse

9. Any lawful scope of the Patents-in-Suit has been limited by the amendments, admissions, and other statements to the USPTO, and accordingly, the Patents-in-Suit are unenforceable due to its misuse by Plaintiff for attempting to expand the Patents-in-Suit beyond their proper scope.

//

**DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF GREEN MAX DISTRIBUTORS, INC. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT**

### Nineth Affirmative Defense – Prosecution History Estoppel

10. By reason of the amendment of claims and the admissions and other statements made during the prosecution of the applications which resulted in issuance of the Patents-in-Suit, Plaintiff is now stopped from asserting a construction of any claim of the Patents-in-Suit that would cover or include any unit or device manufactured, used, sold or offered for sale by Green Max or any of its customers. Plaintiff's claims are therefore barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Patents-in-Suit.

### Tenth Affirmative Defense – Failure To Mark

11. On information and belief, Plaintiff and its distributors did not mark their products covered by the Patents-in-Suit to provide proper notice to the public. As such, Plaintiff's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

### Eleventh Affirmative Defense -- Statutory Damages Limitation

12. Plaintiff's claim for damages on its patent infringement count is statutorily limited by 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

13. Plaintiff's claim for damages on its copyright infringement count is statutorily limited by 17 U.S.C. § 412.

### Twelfth Affirmative Defense -- Improper Venue

14. Plaintiff cannot obtain the relief sought against Green Max as venue is not proper in this District.

### Thirteenth Affirmative Defense -- Failure To Mitigate Damages

15. Plaintiff's claims are barred by its failure to mitigate its own damages.

**Fourteenth Affirmative Defense -- Statutes Of Limitations**

16.   Plaintiff's claims are barred by any and all applicable statutes of limitations.

## COUNTERCLAIMS

By way of counterclaims, Green Max Distributors, Inc. ("Green Max" or "Counterclaimant") complains and alleges against Hydrodynamic Industrial Co., Ltd. ("HIC" or "Counter-Defendant") as follows:

## INTRODUCTION

1.   Green Max brings its Counterclaims against HIC for damages, declaratory relief and equitable relief arising out of Plaintiff's deliberate and intentional assertion of the Patents-in-Suit in connection with items made, used, sold or offered for sale by Green Max and its customers. Green Max seeks a declaration of patent invalidity, unenforceability, and relief for patent misuse.

## PARTIES

2.   Counterclaimant Green Max Distributors, Inc. ("Green Max") is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 2602 S. 38th Street, Suite 199, Tacoma, WA 98409.

3.   On information and belief, and based on the allegations of the Complaint, Counter-Defendant Hydrodynamic Industrial Co., Ltd. ("HIC") is a corporation existing and duly organized under the laws of Hong Kong, China.

//
//
//
//

## JURISDICTION AND VENUE

4.      Counter-Defendant purports that HIC is the owner by assignment of the entire right, title, and interest in and to U.S. Patent No. 6,848,385 ("the '385 Patent") and U.S. Design Patent No. D527, 702 ("the '702 Patent") (collectively, "the Patents-in-Suit").

5.      These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as well as the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), the Patent Laws of the United States (35 U.S.C. §§ 101, et seq.), and 28 U.S.C. § 1367(a).

6.      The Court has personal jurisdiction over HIC because HIC has consented to jurisdiction in the State of California by bringing the present action.

7.      To the extent that venue for the claims set forth in HIC's Complaint is found to be proper, venue is proper in this District for these counterclaims pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400, and by virtue of HIC's admissions in its Complaint that venue is proper in this District.

## FIRST COUNTERCLAIM

**(Declaratory Judgment for Invalidity and Unenforceability of the Patents-In-Suit)**

8.      Counterclaimant Green Max realleges and reasserts the allegations set forth in each of the preceding paragraphs, as though fully set forth herein.

9.      This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code.  An actual and justiciable controversy exists between Counterclaimant and Counter-Defendant as to the validity and enforceability of the Patents-in-Suit, as evidenced, *inter alia*, by the Complaint and Answer in this action.

10. The Patents-in-Suit, on information and belief, are invalid and unenforceable for one or more of the reasons set forth below.

11. The priority date of the '702 Patent for the purposes of patentability is October 8, 2003.

12. The '702 Patent is invalid under 35 U.S.C. § 102(a) because the patented design contains each and every element of prior art designs sold since at least October 2002.

13. The '702 Patent is invalid under 35 U.S.C. § 102(b) because the patented design was on sale and in public use for more than one year prior to the filing date of the patent.

14. The priority date of the '385 Patent for the purposes of patentability is October 25, 2001.

15. The '385 Patent is invalid under 35 U.S.C. § 102(a) because the patented inventions contains each and every element of prior art designs sold since at least October 24, 2001.

16. The '385 Patent is invalid under 35 U.S.C. § 102(b) because the patented invention was on sale and in public use for more than one year prior to the filing date of the patent.

17. The Patents-in-Suit are unenforceable based on the patentee's inequitable conduct before the USPTO.

18. The patentee filed the application leading to the '385 Patent knowing that the patented inventions were on sale and in public use for more than one year prior to the filing date of the patent.

19. The patentee intentionally withheld these material facts from the USPTO.

20. The patentee filed the application leading to the '385 Patent knowing that the patented inventions contains each and every element of prior art designs sold since at least October 24, 2001.

21. The patentee intentionally withheld these material facts from the USPTO.

22. The patentee filed the application leading to the '702 Patent knowing that the patented inventions were on sale and in public use for more than one year prior to the filing date of the patent.

23. The patentee intentionally withheld these material facts from the USPTO.

24. The patentee filed the application leading to the '702 Patent knowing that the patented inventions contains each and every element of prior art designs sold since at least October 24, 2001.

25. The patentee intentionally withheld these material facts from the USPTO.

26. The patentee also intentionally did not disclose the co-inventors of the patented inventions and design, such as Sir Clive Sinclair and/or Sinclair Research.

27. HIC is also equitably estopped from asserting the Patents-in-Suit based on the prior conduct of the patentee and/or HIC.

28. A decree by this Court with respect to the invalidity and unenforceability of the Patents-in-Suit is reasonably calculated to prevent needless litigation in this or other jurisdictions among the parties and Green Max's customers that use or resell the accused product.

29. Unless Counter-Defendant is permanently enjoined and restrained from asserting their invalid and unenforceable Patents-in-Suit against Green Max and its customers, Green Max will suffer immediate, irreparable injury to its goodwill and reputation in the market.

30. The continuing injury to Green Max arising from Counter-Defendant's unlawful conduct cannot be repaired or compensated by monetary damages or any remedy at law.

//

//

//

//

//

# PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Counterclaimant Green Max requests that the Court enter judgment against HIC as follows:

A. That the Patents-in-Suit be declared invalid and unenforceable;

B. That HIC and any parties affiliated therewith be permanently enjoined and restrained from charging, orally, or in writing, that any invalid and/or unenforceable claim of any of the Patents-in-Suit are infringed by Green Max, directly or indirectly;

C. That the Court find and declare that this action by HIC constitutes an exceptional case under 35 U.S.C. § 285, and award Green Max reasonable costs and attorneys' fees incurred in connection with this action.

D. That HIC's Complaint be dismissed with prejudice;

E. That this is an exceptional case and entry of judgment for Green Max's costs with an assessment of interest and reasonable attorney fees;

F. That Green Max be awarded pre-judgment interest;

G. That Green Max be awarded damages in an amount to be determined at trial; and

H. Such other and further relief as the Court deems equitable and just.

//

//

//

//

//

//

//

10
DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF GREEN MAX DISTRIBUTORS, INC. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Green Max demands a trial by jury on all issues.

Respectfully submitted,

Dated: March 5, 2013

**ADLI LAW GROUP P.C.**
By: /s/ Dariush G. Adli
Dariush Adli, SBN # 204959
adli@adlilaw.com
Rasheed McWilliams SBN #281832
rasheed.mcwilliams@adlilaw.com
ADLI LAW GROUP P.C.

Attorneys for Defendant and Counterclaimant
Green Max Distributors, Inc.

DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF GREEN MAX DISTRIBUTORS, INC. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT

# PROOF OF SERVICE

I am over eighteen (18) years of age, employed in the County of Los Angeles, and not a party to this action. My business address is 633 West Fifth Street, Suite 6900, Los Angeles, CA 90071.

I hereby certify that on March 5, 2013, I served the following document(s):

**DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF GREEN MAX DISTRIBUTORS, INC. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT**

by delivering the document(s) to:

| | |
|---|---|
| Sarah S. Brooks<br>Stradling Yocca Carlson and Rauth<br>660 Newport Center Drive Suite 1600<br>Newport Beach, CA 92660-6422<br>Phone: 949-725-4000<br>Fax: 949-725-4100<br>Email: sbrooks@sycr.com | Yuri Mikulka<br>Stradling Yocca Carlson and Rauth<br>660 Newport Center Drive Suite 1600<br>Newport Beach, CA 92660-6422<br>Phone: 949-725-4000<br>Fax: 949-725-4100<br>Email: ymikulka@sycr.com<br><br>*Attorneys for Plaintiff Hydrodynamic Industrial Co., Ltd.* |

[X] BY MAIL: I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice, mail would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this Proof of Service.

[X] VIA E-MAIL: I caused a copy of the document(s) to be sent via electronic mail to the above addressee(s) at the e-mail address(es) listed above.

I declare, under penalty of perjury under the laws of the Unites States, that the foregoing is true and correct. Executed on March 5, 2013 at Los Angeles, California.

/s/ Anabel Rodriguez
Anabel Rodriguez

**DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF GREEN MAX DISTRIBUTORS, INC. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT**