O

AMENDED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYDRODYNAMIC INDUSTRIAL CO LTD., <br><br> Plaintiff, <br><br> v. <br><br> GREEN MAX DISTRIBUTORS, INC., <br><br> Defendant. | Case No. 2:12-cv-05058-ODW (JEMx) <br><br> **ORDER DENYING MOTION FOR LEAVE TO AMEND [53]** |
| GREEN MAX DISTRIBUTORS, INC., <br><br> Counterclaimant, <br><br> v. <br><br> HYDRODYNAMIC INDUSTRIAL CO LTD., <br><br> Counterdefendant. | |

On July 31, 2013, Defendant Green Max Distributors, Inc. filed this Motion for Leave to Amend its Invalidity Contentions. (ECF No. 53.) Green Max seeks to add numerous photos, publications, and prior-art references to its original invalidity contentions. But since Green Max has failed to establish the requisite good cause for amending its Invalidity Contentions, the Court **DENIES** its request.

/ / /

1    The Patent Local Rules reflect a more conservative approach to amendment than the liberal policy for amending pleadings under the Federal Rules of Civil Procedure. Patent Local Rule 3-6 permits amendment of invalidity contentions "only by order of the Court upon a timely showing of good cause." *Compare* Fed. R. Civ. P. 15(a)(2) (permitting leave to amend "when justice so requires."). To make a satisfactory showing of good cause, a party seeking to amend its invalidity contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed." *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (affirming the district court's denial of leave to amend infringement contentions where the party seeking to amend had the necessary discovery almost three months before moving for leave to amend). Further, even if the moving party establishes that it was diligent, the Court then considers the potential prejudice to the nonmoving party in determining whether leave to amend should be granted. *Id.* at 1368.

One circumstance that may support a finding of good cause is the "[r]ecent discovery of material, prior art despite earlier diligent search." Patent L.R. 7-15. Here, Green Max seeks to add numerous additional references to its original invalidity contentions. These additional references include (1) additional photos that "more clearly and from different angles" depict the prior art, (2) full versions of the publications that depict the prior-art references, (3) nine newly cited publications, and (4) eleven newly cited prior art references. (*Compare* Mot. Ex. A, *with* Ex. B.) Although newly discovered prior art can provide a basis to amend a party's invalidity contentions, the party seeking to amend must still make a showing of diligence. *O2 Micro*, 467 F.3d at 1366.

Green Max argues that despite not moving to amend its invalidity contentions until August 2013, Green Max was diligent because it provided Hydrodynamic with many of the additional references it seeks to include. (Mot 4–5.) Green Max asserts that it provided Hydrodynamic with updated invalidity contentions containing "most"

of the additional references in response to an interrogatory on February 20, 2013, and then disclosed some of the additional references at Green Max's deposition of Hydrodynamic conducted on July 16, 2013. (*Id.*) But Green Max's disclosure of the prior art to Hydrodynamic is irrelevant to the diligence inquiry. Green Max must have been diligent in discovering the new prior art and in bringing its motion to amend its invalidity contentions—not in its disclosure to Hydrodynamic. *See O2 Micro*, 467 F.3d at 1363.

Hydrodynamic points out that Green Max has been aware of the need to amend its invalidity contentions since at least April 2013. (Opp'n 3.) In support of this claim, Hydrodynamic cites to counsels' email correspondence of April 3, 2013. (*Id.*) In the correspondence, Hydrodynamic informed Green Max that it was aware that Green Max possessed new, undisclosed prior art and asked Green Max to remit the prior art and update its invalidity contentions accordingly. (*Id.*; Mot. Ex. E.) Nonetheless, Green Max waited until July 31, 2013,—almost four months later—to file its Motion.

Nowhere in its Motion does Green Max attempt to explain this almost four-month delay. Both parties agree that Green Max (1) provided Hydrodynamic with updated invalidity contentions in February 2013, (2) received Hydrodynamic's April email urging it to amend its invalidity contentions, and (3) utilized the prior art in its July deposition. And yet at no time in this period did Green Max move to amend its invalidity contentions. Quite simply, Green Max's failure to timely file its Motion is baffling.

The Court also notes that Hydrodynamic would be substantially prejudiced by the Court permitting Green Max to amend its invalidity contentions at this late date. Although Hydrodynamic has not filed any substantive motions that would be impacted by Green Max's amendment, the August 5, 2013 discovery cut off date has long passed. Permitting amendment at this time would prejudice Hydrodynamic who is no longer able to conduct discovery regarding the various new prior-art references.

In sum, Green Max has failed to establish diligence in seeking amendment, and therefore has also failed to establish good cause for amendment under Patent Local Rule 3-6. Because Green Max has failed to establish good cause for amending its Invalidity Contentions, the Court **DENIES** the Motion for Leave to Amend.

**IT IS SO ORDERED.**

August 29, 2013

_____
       **HON. OTIS D. WRIGHT II**
    **UNITED STATES DISTRICT JUDGE**