FILED
CLERK, U.S. DISTRICT COURT

NOV - 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hydrodynamic Industrial Co Ltd, | Case No. CV 12-05058-ODW (JEMx) |
| Plaintiff, | |
| v. | JURY INSTRUCTIONS |
| Green Max Distributors Inc et al., | |
| Defendant. | |

# INDEX OF JURY INSTRUCTIONS

PAGE
NUMBER

I.   **PRELIMINARY JURY INSTRUCTIONS**

**Jury Instruction 1:  Duty of Jury**
Ninth Circuit Model Civil Jury Instructions 1.1A..................................... 1

**Jury Instruction 2:  Claims and Defenses**
Ninth Circuit Model Civil Jury Instructions 1.2........................................ 3

**Jury Instruction 3:  What a Patent is And How One Is Obtained**
Model Patent Jury Instructions for the Northern District of
California A1 .............................................................................. 4

**Jury Instruction 4:  Patent Litigation**
Model Patent Jury Instructions for the Northern District of
California A1 .............................................................................. 7

**Jury Instruction 5: What is a Copyright and How is One
Obtained?**
Ninth Circuit Model Civil Jury Instructions 17.0..................................... 9

**Jury Instruction 6:  Copyright Litigation**
Ninth Circuit Model Civil Jury Instructions 17.0................................... 11

**Jury Instruction 7:  Glossary of Patent Terms**
AIPLA Model Patent Jury Instructions .................................................. 13

**Jury Instruction 8:  Interpretation of Claims**
Model Patent Jury Instructions Northern District of California 2.1........ 15

**Jury Instruction 9:  Burden of Proof—Preponderance of
the Evidence**
Ninth Circuit Model Civil Jury Instructions 1.3..................................... 17

**Jury Instruction 10: Burden of Proof—Clear and
Convincing Evidence**
Manual Model Civil Jury Instructions for the Ninth Circuit, No. 1.4..... 18

i

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

**Jury Instruction 11:  What Is Evidence**
Ninth Circuit Model Civil Jury Instructions 1.6 ........................................ 19

**Jury Instruction 12:  What Is Not Evidence**
Ninth Circuit Model Civil Jury Instructions 1.7 ........................................ 20

**Jury Instruction 13:  Direct and Circumstantial Evidence**
Ninth Circuit Model Civil Jury Instructions 1.9 ........................................ 21

**Jury Instruction 14:  Ruling on Objections**
Ninth Circuit Model Civil Jury Instructions 1.10 ...................................... 22

**Jury Instruction 15:  Credibility of Witnesses**
Ninth Circuit Model Civil Jury Instructions 1.11 ...................................... 23

**Jury Instruction 16:  Conduct of the Jury**
Ninth Circuit Model Civil Jury Instructions 1.12 ...................................... 24

**Jury Instruction 17:  No Transcript Available to Jury**
Ninth Circuit Model Civil Jury Instructions 1.13 ...................................... 26

**Jury Instruction 18:  Taking Notes**
Ninth Circuit Model Civil Jury Instructions 1.14 ...................................... 27

**Jury Instruction 19:  Jury To Be Guided By Official English
Translation/Interpretation**
Ninth Circuit Model Civil Jury Instructions 1.16 ...................................... 28

**Jury Instruction 20:  Use of Interpreters in Court**
Ninth Circuit Model Civil Jury Instructions 1.17 ...................................... 29

**Jury Instruction 21:  Bench Conferences and Recesses**
Ninth Circuit Model Civil Jury Instructions 1.18 ...................................... 30

**Jury Instruction 22:  Outline of Trial**
Ninth Circuit Model Civil Jury Instructions 1.19 ...................................... 31

**Jury Instruction 23:  Stipulations of Fact**
Ninth Circuit Model Civil Jury Instructions 2.2 ........................................ 32

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

**Jury Instruction 24:  Impeachment Evidence – Witness**
Ninth Circuit Model Civil Jury Instructions 2.8 ........................................ 33

**Jury Instruction 25:  Duty to Deliberate**
Ninth Circuit Model Civil Jury Instructions 3.1 ........................................ 34

**Jury Instruction 26:  Communication with Court**
Ninth Circuit Model Civil Jury Instructions 3.2 ........................................ 35

**Jury Instruction 27:  Return of Verdict**
Ninth Circuit Model Civil Jury Instructions 3.3 ........................................ 36

**Jury Instruction 28:  Use of Interrogatories of a Party**
Ninth Circuit Model Civil Jury Instructions 2.10 ...................................... 37

**Jury Instruction 29:  Charts and Summaries Not Received
in Evidence**
Ninth Circuit Model Civil Jury Instructions 2.12 ...................................... 38

**Jury Instruction 30:  Charts and Summaries in Evidence**
Ninth Circuit Model Civil Jury Instructions 2.13 ...................................... 39

## II.  POST-TRIAL JURY INSTRUCTIONS

**Jury Instruction 31:  Summary Of Issues**
Model Patent Jury Instructions for the Northern District of
California A3 ................................................................................................ 40

**Jury Instruction 32:  Claims and Defenses regarding Patent
Infringement**
Model Patent Jury Instructions for the Northern District of
California A3 ................................................................................................ 41

**Jury Instruction 33:  Invalidity – Burden Of Proof**
Model Patent Jury Instructions for the Northern District of
California 4.1 ............................................................................................... 42

**Jury Instruction 34:  Summary of Invalidity Defense - Anticipation**
Model Patent Jury Instructions for the Northern District of
California 4.3a1, 4.3a2 ................................................................................ 43

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

iii
JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

**Jury Instruction 35: Obviousness**
Model Patent Jury Instructions for the Northern District of
California 4.3b ............................................................................. 45

**Jury Instruction 36: Willful Infringement**
Model Patent Jury Instructions for the Northern District of
California 3.10 ............................................................................. 47

**Jury Instruction 37: Patent Damages – Burden Of Proof**
Model Patent Jury Instructions for the Northern District of
California 5.1 ............................................................................... 49

**Jury Instruction 38: LOST PROFITS – GENERALLY**
Model Patent Jury Instructions for the Northern District of
California 5.3 ............................................................................... 50

**Jury Instruction 39: Lost Profits – Factors To Consider**
Model Patent Jury Instructions for the Northern District of
California 5.3 ............................................................................... 51

**Jury Instruction 40: Lost Profits – Market Share**
Model Patent Jury Instructions for the Northern District of
California 5.3a ............................................................................. 52

**Jury Instruction 41: Lost Profits – Price Erosion**
Model Patent Jury Instructions for the Northern District of
California 5.5 ............................................................................... 53

**Jury Instruction 42: Reasonable Royalty – Entitlement**
Model Patent Jury Instructions for the Northern District of
California 4.3b ............................................................................. 54

**Jury Instruction 43: Reasonable Royalty – Definition**
Model Patent Jury Instructions for the Northern District of
California 5.7 ............................................................................... 55

**Jury Instruction 44: Date Of Commencement – Products**
Model Patent Jury Instructions for the Northern District of
California 5.8 ............................................................................... 57

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

iv
JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

**Jury Instruction 45:  Claims and Defenses regarding Copyright**
Ninth Circuit Model Civil Jury Instructions...............................58

**Jury Instruction 46:  Copyright Infringement—Elements—
Ownership And Copying**
Ninth Circuit Model Civil Jury Instructions 17.4......................59

**Jury Instruction 47:  Copying—Access And Substantial Similarity**
Ninth Circuit Model Civil Jury Instructions 17.15; *see Three Boys
Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir.2000) (in the
absence of any proof of access, "a copyright plaintiff can still make
out a case of infringement by showing that the songs were 'strikingly
similar'") (citing *Smith v. Jackson*, 84 F.3d 1213, 1220
(9th Cir.1996) and *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.)
(access may be inferred from "striking similarity"), cert. denied,
484 U.S. 954 (1987); *Selle v. Gibb*, 741 F.2d 896, 903 (7th Cir.1984)
(a striking similarity is one sufficiently unique or complex as to
make it unlikely that it was independently created). ................60

**Jury Instruction 48:  Copyright Infringement—Copying—
Access Defined**
Ninth Circuit Model Civil Jury Instructions 17.16....................61

**Jury Instruction 49:  Derivative Liability—Vicarious
Infringement—Elements And Burden Of Proof**
Ninth Circuit Model Civil Jury Instructions 17.20....................62

**Jury Instruction 50:  Derivative Liability—Contributory
Infringement**
Ninth Circuit Model Civil Jury Instructions 17.21....................63

**Jury Instruction 51:  Copyright—Damages**
Ninth Circuit Model Civil Jury Instructions 17.22....................64

**Jury Instruction 52:  Copyright—Damages—Actual Damages**
Ninth Circuit Model Civil Jury Instructions 17.23....................65

**Jury Instruction 53:  Copyright—Damages—Defendant's Profits**
Ninth Circuit Model Civil Jury Instructions 17.24;
*See Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326,
1331-32 (9th Cir.1984) ..............................................66

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**Jury Instruction 54: Copyright—Damages—Willful Infringement**
Ninth Circuit Model Civil Jury Instructions 17.27; *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.,* 106 F.3d 284, 293 (9th Cir.1997) ("Willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement."), rev'd on other grounds, *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S.340 (1998) .......................................................... 68

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

vi
JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

# I.   Preliminary Jury Instructions

## Jury Instruction 1

## Duty of Jury

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1　[Ninth Circuit Model Civil Jury Instructions 1.1A]

2　PROPOSED BY: _____

3　GIVEN AS PROPOSED _____

4　GIVEN AS MODIFIED _____

5　GIVEN ON COURT'S OWN MOTION _____

6　REFUSED _____

7　WITHDRAWN _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Jury Instruction 2

### Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Hydrodynamic Industrial Co. Ltd. ("Hydrodynamic" or "Plaintiff") is the owner of U.S. Patent No. 6,848,385 ("the '385 patent") which it entitled "Underwater motive device" and covers a sea scooter. Hydrodynamic also owns a copyright in the user manual for its sea scooter. Hydrodynamic alleges that Green Max Distributors, Inc. ("Green Max" or "Defendant") infringes the '385 patent by its sale of X-treme sea scooters.

Green Max admits that it infringes the '385 patent. In particular, Green Max stipulated that its X-treme X-160 and X-150 sea scooter products infringe the valid claims of the '385 patent. Green Max, however, alleges that the '385 patent is invalid.

Hydrodynamic also alleges that Green Max's user manual for its sea scooters infringes its copyright. Green Max denies that it infringes Hydrodynamic's copyright.

[Ninth Circuit Model Civil Jury Instructions 1.2]

PROPOSED BY:               \_\_\_\_\_

GIVEN AS PROPOSED          \_\_\_\_\_

GIVEN AS MODIFIED          \_\_\_\_\_

GIVEN ON COURT'S OWN MOTION \_\_\_\_\_

REFUSED                    \_\_\_\_\_

WITHDRAWN                  \_\_\_\_\_

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 3

### What a Patent is And How One Is Obtained

This case involves a dispute relating to a United States patent and copyright. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission. A violation of the patent owner's rights is called infringement. The patent owner may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

To obtain a patent one must file an application with the PTO. The PTO is an agency of the federal government and employs trained examiners who review applications for patents. The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art." The examiner also will review prior art if it is submitted to the PTO by the applicant. Prior art is defined by law, and I will give you at a

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1  later time specific instructions as to what constitutes prior art.  However, in
2  general, prior art includes things that existed before the claimed invention, that
3  were publicly known, or used in a publicly accessible way in this country, or that
4  were patented or described in a publication in any country.  The examiner
5  considers, among other things, whether each claim defines an invention that is
6  new, useful, and not obvious in view of the prior art.  A patent lists the prior art
7  that the examiner considered; this list is called the "cited references."

8  After the prior art search and examination of the application, the patent
9  examiner then informs the applicant in writing what the examiner has found and
10  whether any claim is patentable, and thus will be "allowed."  This writing from the
11  patent examiner is called an "office action."  If the examiner rejects the claims, the
12  applicant then responds and sometimes changes the claims or submits new claims.
13  This process, which takes place only between the examiner and the patent
14  applicant, may go back and forth for some time until the examiner is satisfied that
15  the application and claims meet the requirements for a patent.  The papers
16  generated during this time of communicating back and forth between the patent
17  examiner and the applicant make up what is called the "prosecution history." All of
18  this material becomes available to the public no later than the date when the patent
19  issues.

20  The fact that the PTO grants a patent does not necessarily mean that any
21  invention claimed in the patent, in fact, deserves the protection of a patent.  For
22  example, the PTO may not have had available to it all the information that will be
23  presented to you.  A person accused of infringement has the right to argue here in
24  federal court that a claimed invention in the patent is invalid because it does not
25  meet the requirements for a patent.

26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1    [Model Patent Jury Instructions for the Northern District of California A1]

2    PROPOSED BY:                         _____

3    GIVEN AS PROPOSED                    _____

4    GIVEN AS MODIFIED                    _____

5    GIVEN ON COURT'S OWN MOTION          _____

6    REFUSED                              _____

7    WITHDRAWN                            _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6
JURY INSTRUCTIONS
LITIOC/2084609v1/102567-0001

1
2

## Jury Instruction 4

## Patent Litigation

3    Someone is said to be infringing on claims of a patent when they, without

4  permission from the patent owner, import, make, use, offer to sell, or sell a product

5  made by the patented process, as defined by the claims, within the United States

6  before the term of the patent expires.  A patent owner who believes someone is

7  infringing on the exclusive rights of the patent may bring a lawsuit like this to

8  attempt to stop the alleged infringing acts and to potentially recover damages,

9  which generally is money paid by the infringer to the patent owner to compensate

10  for the harm caused by the infringement. The patent owner must prove

11  infringement of the claims of the patent and damages.

12    A patent is presumed to be valid.  In other words, it is presumed to have

13  been properly granted.  But that presumption of validity can be overcome if clear

14  and convincing evidence is presented that proves the patent is invalid.  One

15  example of a way in which the presumption may be overcome is if the PTO has not

16  considered, for whatever reason, prior art that invalidates the claims of the patent

17  with clear and convincing evidence that is presented to you.  Someone sued for

18  allegedly infringing a patent can deny engaging in infringing activities and also can

19  defend by proving the asserted claims of the patent are invalid.  The accused

20  infringer must prove invalidity by clear and convincing evidence. I will discuss

21  more of this topic later.

22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

[Based on Model Patent Jury Instructions for the Northern District of California A1]


PROPOSED BY:                                          _____

GIVEN AS PROPOSED                                     _____

GIVEN AS MODIFIED                                     _____

GIVEN ON COURT'S OWN MOTION                           _____

REFUSED                                               _____

WITHDRAWN                                             _____

JURY INSTRUCTIONS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 5

2

### What is a Copyright and How is One Obtained?

3    Copyrighted work can be a literary work, musical work, dramatic work,

4  pantomime, choreographic work, pictorial work, graphic work, sculptural work,

5  motion picture, audiovisual work, sound recording, architectural work, mask works

6  fixed in semiconductor chip products, or a computer program.

7  Facts, ideas, procedures, processes, systems, methods of operation, concepts,

8  principles or discoveries cannot themselves be copyrighted.

9  The copyrighted work must be original.  An original work that closely resembles

10  other works can be copyrighted so long as the similarity between the two works is

11  not the result of copying.  The owner of a copyright has the right to exclude any

12  other person from reproducing, preparing derivative works, distributing,

13  performing, displaying, or using the work covered by copyright for a specific

14  period of time.

15

### How Copyright Is Obtained

16    Copyright automatically exists in a work the moment it is fixed in any

17  tangible medium of expression. The owner of the copyright may register the

18  copyright by delivering to the Copyright Office of the Library of Congress a copy

19  of the copyrighted work. After examination and a determination that the material

20  deposited constitutes copyrightable subject matter and that legal and formal

21  requirements are satisfied, the Register of Copyrights registers the work and issues

22  a certificate of registration to the copyright owner.

23

24

25

26

27

28

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

9

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1      [Ninth Circuit Model Civil Jury Instructions 17.0]

2

3      PROPOSED BY:                          _____

4      GIVEN AS PROPOSED                     _____

5      GIVEN AS MODIFIED                     _____

6      GIVEN ON COURT'S OWN MOTION           _____

7      REFUSED                               _____

8      WITHDRAWN                             _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

10

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 6

## Copyright Litigation

In this case, the Plaintiff, Hydrodynamic contends that the Defendant, Green Max has infringed its copyright in its user manual. Hydrodynamic has the burden of proving by a preponderance of the evidence that it is the owner of the copyright and that Green Max copied original elements of the copyrighted work.

Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## Proof Of Copying

To prove that Green Max copied the Hydrodynamic's work, the Hydrodynamic may show that the Green Max had access to its copyrighted work and that there are substantial similarities between Green Max's user manual and Hydrodynamic's user manual.

## Liability For Infringement

One who reproduces, prepares derivative works from, distributes or displays a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.  Copyright may also be infringed by vicariously infringing and contributorily infringing.

## Vicarious Infringement

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and has the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

## Contributory Infringement

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces, causes or materially contributes to the activity.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

11

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

**Defenses To Infringement**

2      The Defendant Green Max contends that there is no copyright infringement.

3  There is no copyright infringement where if Green Max independently created the

4  challenged work, or if Green Max made fair use of the copyrighted work by

5  reproducing copies for criticism, comment, news reporting, teaching, scholarship,

6  or research.

7

8  [Ninth Circuit Model Civil Jury Instructions 17.0]

9      PROPOSED BY:                          _____

10      GIVEN AS PROPOSED                    _____

11      GIVEN AS MODIFIED                    _____

12      GIVEN ON COURT'S OWN MOTION          _____

13      REFUSED                              _____

14      WITHDRAWN                            _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

12

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Instruction 7**

**Glossary of Patent Terms**

For your convenience, the parties have also prepared a Glossary of some of the technical terms to which they may refer during the trial, which will be distributed to you.

**Application** – The initial papers filed by the applicant in the United States Patent and Trademark Office (also called the Patent Office or PTO).

**Claims** – The numbered sentences or paragraphs appearing at the end of the patent that define the invention. The words of the claims define the scope of the patent owner's exclusive rights during the life of the patent.

**File wrapper** – See "prosecution history" below.

**License** – Permission to use the patented invention(s), which may be granted by a patent owner (or a prior licensee) in exchange for a fee called a "royalty" or other compensation.

**Office action** – Communication from the patent examiner regarding the specification and/or the claims in the patent application.

**Ordinary skill in the art** – The level of experience, education, and/or training generally possessed by those individuals who work in the area of the invention at the time of the invention.

**Patent Examiners** – Personnel employed by the PTO in a specific technical area to determine whether the claims of a patent application are patentable over the prior art and whether the application describes the invention with the required specificity.

**Prior art** – Knowledge that is available to the public either prior to the invention by the applicant or more than one year prior to the filing date of the application. It includes issued patents, publications, and knowledge deemed to be publicly available such as trade skills, trade practices and the like. Prior art for

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

13

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1   invalidity purposes does not include a publication that described the inventor's

2   own work and was published less than one year before the date of invention.

3        **Prosecution history** – The written record of proceedings between the

4   applicant and the PTO, including the original patent application and later

5   communications between the PTO and applicant. The prosecution history may also

6   be referred to as the "file history" or "file wrapper" of the patent during the course

7   of this trial.

8        **References** – Any item of prior art used to determine patentability.

9        **Specification** – The information that appears in the patent and concludes

10       with one or more claims.  The specification includes the written text, the

11       claims, and the drawings.  In the specification, the inventor the invention,

12       how it works, and how to make and use it.

13

14   [AIPLA Model Patent Jury Instructions; Fed. Cir. Bar Model Instructions 4.3a]

15       PROPOSED BY:               \_\_\_\_\_

16       GIVEN AS PROPOSED       \_\_\_\_\_

17       GIVEN AS MODIFIED       \_\_\_\_\_

18       GIVEN ON COURT'S OWN MOTION  \_\_\_\_\_

19       REFUSED                   \_\_\_\_\_

20       WITHDRAWN              \_\_\_\_\_

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

14
JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 8

2

### Interpretation of Claims

3       Before you decide whether Green Max has infringed the claims of the patent

4  or whether the claims are invalid, you will need to understand the patent claims.

5  As I mentioned, the patent claims are numbered sentences at the end of the patent

6  that describes the boundaries of the patent's protection.  It is my job as judge to

7  explain to you the meaning of any language in the claims that needs interpretation.

8       I have interpreted the meaning of some of the language in the patent claims

9  involved in this case.  You must accept those interpretations as correct.  My

10 interpretation of the language should not be taken as an indication that I have a

11 view regarding the issues of infringement and invalidity.  The decisions regarding

12 infringement and invalidity are yours to make.

13 1.     The following definitions for U.S. Patent No. 6,848,385 shall apply in the

14 above-captioned case:

15 a)     The term "rear main housing" shall have its plain meaning;

16 b)     The term "front cone" shall have its plain meaning;

17 c)     The term "removable water ballast" shall have its plain meaning;

18 d)     The term "sealing structure" shall have its plain meaning;

19 e)     The term "pressure fitting" shall mean "A structure that permits entry of air

20 or little to no fluid into the sealing structure;"

21 f)     The term "manual support" shall have its plain meaning;

22 g)     The term "controller" shall have its plain meaning;

23 h)     The term "pivotally connected" shall have its plain meaning;

24 i)     The term "pivotal connection" shall have its plain meaning;

25 j)     The term "keyhole aperture" shall have its plain meaning;

26 k)     The term "rear cylindrical portion" shall have its plain meaning; and

27 l)     The term "external latch pivotally connected" shall have its plain meaning.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

15

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1   [Model Patent Jury Instructions Northern District of California 2.1]

2

3       PROPOSED BY:                               _____

4       GIVEN AS PROPOSED                          _____

5       GIVEN AS MODIFIED                          _____

6       GIVEN ON COURT'S OWN MOTION                _____

7       REFUSED                                    _____

8       WITHDRAWN                                  _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

16
JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

**Jury Instruction 9**

**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


[Ninth Circuit Model Civil Jury Instructions 1.3]

PROPOSED BY:                                      _____

GIVEN AS PROPOSED                          _____

GIVEN AS MODIFIED                            _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                                              _____

WITHDRAWN                                        _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

## Jury Instruction 10

### Burden of Proof—Clear and Convincing Evidence

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

[Manual Model Civil Jury Instructions for the Ninth Circuit, No. 1.4]

PROPOSED BY:                              _____

GIVEN AS PROPOSED                    _____

GIVEN AS MODIFIED                       _____

GIVEN ON COURT'S OWN MOTION    _____

REFUSED                                        _____

WITHDRAWN                                   _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 11

2

### What Is Evidence

3     The evidence you are to consider in deciding what the facts are consists of:

4     1. the sworn testimony of any witness;

5     2. the exhibits which are received into evidence; and

6     3. any facts to which the lawyers have agreed.

7

8     [Ninth Circuit Model Civil Jury Instructions 1.6]

9     PROPOSED BY:                                    _____

10    GIVEN AS PROPOSED                               _____

11    GIVEN AS MODIFIED                               _____

12    GIVEN ON COURT'S OWN MOTION                     _____

13    REFUSED                                         _____

14    WITHDRAWN                                       _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

19

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 12

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they will say in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

[Ninth Circuit Model Civil Jury Instructions 1.7]

PROPOSED BY:                                _____

GIVEN AS PROPOSED                   _____

GIVEN AS MODIFIED                      _____

GIVEN ON COURT'S OWN MOTION    _____

REFUSED                                          _____

WITHDRAWN                                    _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

20

JURY INSTRUCTIONS

1

## Jury Instruction 13

2

### Direct and Circumstantial Evidence

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of

4   a fact, such as testimony by a witness about what that witness personally saw or

5   heard or did.  Circumstantial evidence is proof of one or more facts from which

6   you could find another fact.  You should consider both kinds of evidence.  The law

7   makes no distinction between the weight to be given to either direct or

8   circumstantial evidence.  It is for you to decide how much weight to give to any

9   evidence.

10

11        [Ninth Circuit Model Civil Jury Instructions 1.9]

12        PROPOSED BY:                                    _____

13        GIVEN AS PROPOSED                               _____

14        GIVEN AS MODIFIED                              _____

15        GIVEN ON COURT'S OWN MOTION                     _____

16        REFUSED                                         _____

17        WITHDRAWN                                       _____

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

21

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Jury Instruction 14

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

[Ninth Circuit Model Civil Jury Instructions 1.10]

PROPOSED BY:                                          _____

GIVEN AS PROPOSED                          _____

GIVEN AS MODIFIED                            _____

GIVEN ON COURT'S OWN MOTION        _____

REFUSED                                                _____

WITHDRAWN                                        _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

22
JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 15

2

## Credibility of Witnesses

3       In deciding the facts in this case, you may have to decide which testimony to

4   believe and which testimony not to believe.  You may believe everything a witness

5   says, or part of it, or none of it. Proof of a fact does not necessarily depend on the

6   number of witnesses who testify about it.

7       In considering the testimony of any witness, you may take into account:

8       (1) the opportunity and ability of the witness to see or hear or know the

9   things testified to;

10      (2) the witness's memory;

11      (3) the witness's manner while testifying;

12      (4) the witness's interest in the outcome of the case and any bias or

13  prejudice;

14      (5) whether other evidence contradicted the witness's testimony;

15      (6) the reasonableness of the witness's testimony in light of all the evidence;

16  and

17      (7) any other factors that bear on believability.

18      The weight of the evidence as to a fact does not necessarily depend on the

19  number of witnesses who testify about it.

20

21      [Ninth Circuit Model Civil Jury Instructions 1.11]

22      PROPOSED BY:                                     _____

23      GIVEN AS PROPOSED                                _____

24      GIVEN AS MODIFIED                                _____

25      GIVEN ON COURT'S OWN MOTION                      _____

26      REFUSED                                          _____

27      WITHDRAWN                                        _____

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

23

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 16

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

24

JURY INSTRUCTIONS

1  Internet or using other reference materials; and do not make any

2  investigation or in any other way try to learn about the case on your own.

3      The law requires these restrictions to ensure the parties have a fair trial based

4  on the same evidence that each party has had an opportunity to address. A juror

5  who violates these restrictions jeopardizes the fairness of these proceedings.  If any

6  juror is exposed to any outside information, please notify the court immediately.

7

8      [Ninth Circuit Model Civil Jury Instructions 1.12]

9      PROPOSED BY:             \_\_\_\_\_

10      GIVEN AS PROPOSED     \_\_\_\_\_

11      GIVEN AS MODIFIED     \_\_\_\_\_

12      GIVEN ON COURT'S OWN MOTION     \_\_\_\_\_

13      REFUSED     \_\_\_\_\_

14      WITHDRAWN     \_\_\_\_\_

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

25

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 17

2

### No Transcript Available to Jury

3      During deliberations, you will have to make your decision based on what
4  you recall of the evidence.  You will not have a transcript of the trial. I urge you to
5  pay close attention to the testimony as it is given.

6      If at any time you cannot hear or see the testimony, evidence, questions or
7  arguments, let me know so that I can correct the problem.

8

9      [Ninth Circuit Model Civil Jury Instructions 1.13]

10     PROPOSED BY:                          _____

11     GIVEN AS PROPOSED                     _____

12     GIVEN AS MODIFIED                     _____

13     GIVEN ON COURT'S OWN MOTION           _____

14     REFUSED                               _____

15     WITHDRAWN                             _____

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTIONS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

1

**Jury Instruction 18**

2

**Taking Notes**

3        If you wish, you may take notes to help you remember the evidence.  If you

4   do take notes, please keep them to yourself until you and your fellow jurors go to

5   the jury room to decide the case. Do not let note-taking distract you.  When you

6   leave, your notes should be left in the courtroom.  No one will read your notes.

7   They will be destroyed at the conclusion of the case.

8        Whether or not you take notes, you should rely on your own memory of the

9   evidence. Notes are only to assist your memory.  You should not be overly

10   influenced by your notes or those of your fellow jurors.

11

12   [Ninth Circuit Model Civil Jury Instructions 1.14]

13   PROPOSED BY:                                    _____

14   GIVEN AS PROPOSED                               _____

15   GIVEN AS MODIFIED                               _____

16   GIVEN ON COURT'S OWN MOTION                     _____

17   REFUSED                                         _____

18   WITHDRAWN                                       _____

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

27

**JURY INSTRUCTIONS**

1

## Jury Instruction 19

2

### Jury To Be Guided By Official English Translation/Interpretation

3      Languages other than English may be used during this trial.  The evidence to

4  be considered by you is only that provided through the official court interpreter.

5  Although some of you may know Cantonese, it is important that all jurors consider

6  the same evidence. Therefore, you must accept the English interpretation. You

7  must disregard any different meaning.

8      [Ninth Circuit Model Civil Jury Instructions 1.16]

9  PROPOSED BY:                            \_\_\_\_\_

10  GIVEN AS PROPOSED            \_\_\_\_\_

11  GIVEN AS MODIFIED             \_\_\_\_\_

12  GIVEN ON COURT'S OWN MOTION    \_\_\_\_\_

13  REFUSED                                 \_\_\_\_\_

14  WITHDRAWN                      \_\_\_\_\_

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

28

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 20

### Use of Interpreters in Court

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

[Ninth Circuit Model Civil Jury Instructions 1.17]

PROPOSED BY: _____

GIVEN AS PROPOSED _____

GIVEN AS MODIFIED _____

GIVEN ON COURT'S OWN MOTION _____

REFUSED _____

WITHDRAWN _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

## Jury Instruction 21

### Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[Ninth Circuit Model Civil Jury Instructions 1.18]

PROPOSED BY:                                        _____

GIVEN AS PROPOSED                                   _____

GIVEN AS MODIFIED                                   _____

GIVEN ON COURT'S OWN MOTION                         _____

REFUSED                                             _____

WITHDRAWN                                           _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

30

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 22

2

## Outline of Trial

3       Trials proceed in the following way: First, each side may make an opening

4   statement.  An opening statement is not evidence. It is simply an outline to help

5   you understand what that party expects the evidence will show.  A party is not

6   required to make an opening statement.

7       The plaintiff will then present evidence, and counsel for the defendant may

8   cross-examine.  Then the defendant may present evidence, and counsel for the

9   plaintiff may cross-examine.

10       After the evidence has been presented, I will instruct you on the law that

11  applies to the case and the attorneys will make closing arguments.

12       After that, you will go to the jury room to deliberate on your verdict.

13

14       [Ninth Circuit Model Civil Jury Instructions 1.19]

15       PROPOSED BY:                                    _____

16       GIVEN AS PROPOSED                               _____

17       GIVEN AS MODIFIED                               _____

18       GIVEN ON COURT'S OWN MOTION                     _____

19       REFUSED                                         _____

20       WITHDRAWN                                       _____

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

31

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 23

2

### Stipulations of Fact

3      The parties have agreed to certain facts which I will read to you.  You

4  should therefore treat these facts as having been proved.

5

6      [Ninth Circuit Model Civil Jury Instructions 2.2]

7      PROPOSED BY:                          _____

8      GIVEN AS PROPOSED                     _____

9      GIVEN AS MODIFIED                     _____

10     GIVEN ON COURT'S OWN MOTION           _____

11     REFUSED                               _____

12     WITHDRAWN                             _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Jury Instruction 24**

**Impeachment Evidence – Witness**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

[Ninth Circuit Model Civil Jury Instructions 2.8]

PROPOSED BY:                                      _____

GIVEN AS PROPOSED                          _____

GIVEN AS MODIFIED                            _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                                                _____

WITHDRAWN                                          _____

LITIOC/2084609v1/102567-0001

## Jury Instruction 25

### Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

[Ninth Circuit Model Civil Jury Instructions 3.1]

PROPOSED BY:                                 _____

GIVEN AS PROPOSED                            _____

GIVEN AS MODIFIED                            _____

GIVEN ON COURT'S OWN MOTION                  _____

REFUSED                                      _____

WITHDRAWN                                    _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

## Jury Instruction 26

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.


[Ninth Circuit Model Civil Jury Instructions 3.2]

PROPOSED BY: _____

GIVEN AS PROPOSED _____

GIVEN AS MODIFIED _____

GIVEN ON COURT'S OWN MOTION _____

REFUSED _____

WITHDRAWN _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

35

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Jury Instruction 27

## Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


[Ninth Circuit Model Civil Jury Instructions 3.3]

PROPOSED BY:                                    _____

GIVEN AS PROPOSED                        _____

GIVEN AS MODIFIED                          _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                                            _____

WITHDRAWN                                       _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

36

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1
2
3
4
5
6
7
8

**Jury Instruction 28**

**Use of Interrogatories of a Party**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

9
10  [Ninth Circuit Model Civil Jury Instructions 2.10]
11  PROPOSED BY:   \_\_\_\_\_
12  GIVEN AS PROPOSED  \_\_\_\_\_
13  GIVEN AS MODIFIED  \_\_\_\_\_
14  GIVEN ON COURT'S OWN MOTION \_\_\_\_\_
15  REFUSED   \_\_\_\_\_
16  WITHDRAWN   \_\_\_\_\_

17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

37

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

**Jury Instruction 29**

2

**Charts and Summaries Not Received in Evidence**

3    Certain charts and summaries not received in evidence have been shown to

4  you in order to help explain the contents of books, records, documents, or other

5  evidence in the case.  They are not themselves evidence or proof of any facts. If

6  they do not correctly reflect the facts or figures shown by the evidence in the case,

7  you should disregard these charts and summaries and determine the facts from the

8  underlying evidence.

9

10    [Ninth Circuit Model Civil Jury Instructions 2.12]

11    PROPOSED BY:                             _____

12    GIVEN AS PROPOSED                         _____

13    GIVEN AS MODIFIED                         _____

14    GIVEN ON COURT'S OWN MOTION               _____

15    REFUSED                                   _____

16    WITHDRAWN                                 _____

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

38

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 30

## Charts and Summaries in Evidence

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.


[Ninth Circuit Model Civil Jury Instructions 2.13]

PROPOSED BY:                                    _____

GIVEN AS PROPOSED                               _____

GIVEN AS MODIFIED                               _____

GIVEN ON COURT'S OWN MOTION                     _____

REFUSED                                         _____

WITHDRAWN                                       _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

39

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## II.     Post-Trial Jury Instructions

### Jury Instruction 31

### Summary Of Issues

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations.  You must decide the following main issues:

1.     Whether Green Max has proven with clear and convincing evidence that the '385 patent is invalid.

2.     Whether Hydrodynamic has proven with clear and convincing evidence that Green Max has infringed the '385 patent willfully.

2.     Whether Hydrodynamic has proven by a preponderance of evidence that Green Max infringed Hydrodynamic's copyright in its user manual.

2.     Whether Hydrodynamic has proven by a preponderance of evidence that Green Max infringed Hydrodynamic's copyright in the user manual willfully.

3.     What amount of damages, if any, Hydrodynamic has proven arising from patent infringement by a preponderance of evidence.

4.     What amount of damages, if any, Hydrodynamic has proven arising from copyright infringement by a preponderance of evidence.


[Model Patent Jury Instructions for the Northern District of California A3]

PROPOSED BY:                                            _____

GIVEN AS PROPOSED                              _____

GIVEN AS MODIFIED                                 _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                                                       _____

WITHDRAWN                                               _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

40

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 32

### Claims and Defenses regarding Patent Infringement

Since the parties have stipulated that Green Max has infringed the valid claims of '385 patent, your job is to decide whether the claims of the '385 patent are invalid, which would provide a defense to infringement.  If you find that Green Max has not met its burden of proving that the patent is invalid by clear and convincing evidence, you will then need to decide any money damages to be awarded to Hydrodynamic to compensate it for the infringement.

You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you give.  I will take willfulness into account later.


[Model Patent Jury Instructions for the Northern District of California A3]

PROPOSED BY:                          _____

GIVEN AS PROPOSED                     _____

GIVEN AS MODIFIED                     _____

GIVEN ON COURT'S OWN MOTION           _____

REFUSED                               _____

WITHDRAWN                             _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Jury Instruction 33

### Invalidity – Burden Of Proof

I will now instruct you on the rules you must follow in deciding whether Green Max has proven that the claims of the '385 patent are invalid.  Before discussing the specific rules, I want to remind you about the standard of proof that applies to this defense. To prove invalidity of any patent claim, Green Max must prove invalidity with clear and convincing evidence, or in other words, that it is highly probable that the claim is invalid.

Green Max contends that certain  prior art references were not submitted to United States Patent and Trademark Office (PTO) during the prosecution of the '385 patent.  Green Max contends that such prior art invalidates certain claims of the '385 patent.  Hydrodynamic disputes this contention and asserts that references provided by Green Max fail to render the '385 patent invalid.

[Based on Model Patent Jury Instructions for the Northern District of California 4.1]

PROPOSED BY:                                        _____

GIVEN AS PROPOSED                                _____

GIVEN AS MODIFIED                                 _____

GIVEN ON COURT'S OWN MOTION               _____

REFUSED                                                   _____

WITHDRAWN                                              _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

1
2
3

### Jury Instruction 34

### Summary of Invalidity Defense

### Anticipation

4       A patent claim is invalid if the claimed invention is not new.  For the claim
5   to be invalid because it is not new, all of its requirements must have existed in a
6   single device or method that predates the claimed invention, or must have been
7   described in a single previous publication or patent that predates the claimed
8   invention.  In patent law, these previous devices, methods, publications or patents
9   are called "prior art references."  If a patent claim is not new, we say it is
10  "anticipated by a prior art reference."

11      The description in the written reference does not have to be in the same
12  words as the claim, but all of the requirements of the claim must be there in a
13  single reference, either stated or necessarily implied, so that someone of ordinary
14  skill in the field of water sports equipment looking at that one reference would be
15  able to make and use the claimed invention.

16      Here's a list of the ways that Green Max can show that a patent claim was
17  not new:

18      •    If the claimed invention was already publicly known or publicly used
19  by others in the United States before the date of conception of the '385 patent;

20      •    If the claimed invention was already made by someone else in the
21  United States before the date of conception of the 385 patent if that other person
22  had not abandoned the invention or kept it secret.

23      [Based on Model Patent Jury Instructions for the Northern District of
24  California 4.3a1; 35 U.S.C. Section 102 (a), (b)]

25  PROPOSED BY:            \_\_\_\_\_

26  GIVEN AS PROPOSED      \_\_\_\_\_

27  GIVEN AS MODIFIED       \_\_\_\_\_

28  GIVEN ON COURT'S OWN MOTION  \_\_\_\_\_

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

43

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1    REFUSED                       \_\_\_\_\_

2    WITHDRAWN           \_\_\_\_\_

JURY INSTRUCTIONS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

1

### Jury Instruction 35

2

### Obviousness

3    Not all innovations are patentable.  A patent claim is invalid if the claimed

4 invention would have been obvious to a person of ordinary skill in the field at the

5 time the application was filed, October 25, 2002.  The court, however, is charged

6 with the responsibility of making the determination as to whether a patent claim

7 was obvious based upon your determination of several factual questions.

8        First, you must decide the level of ordinary skill in the field that

9 someone would have had at the time the claimed invention was made. In deciding

10 the level of ordinary skill, you should consider all the evidence introduced at trial,

11 including:

12

13    (1)    the levels of education and experience of persons working in the field;

14    (2)    the types of problems encountered in the field; and

15    (3)    the sophistication of the technology.

16

17        Second, you must decide the scope and content of the prior art.

18 Hydrodynamic and Green Max disagree as to whether Trial Exhibits 71, 79, 80, 81,

19 82, 83 and 84 should be included in the prior art you use to decide the validity of

20 claims of the '385 patent.  In order to be considered as prior art to the '385 patent,

21 these references must be reasonably related to the claimed invention of that patent.

22 A reference is reasonably related if it is in the same field as the claimed invention

23 or is from another field to which a person of ordinary skill in the field would look

24 to solve a known problem.

25

26        Third, you must decide what difference, if any, existed between the

27 claimed invention and the prior art.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

45

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1            Finally, you must determine which, if any, of the following factors

2  have been established by the evidence:

3            (1)    commercial success of a product due to the merits of the

4  claimed invention;

5            (2)    a long felt need for the solution provided by the claimed

6  invention;

7            (3)    unsuccessful attempts by others to find the solution provided by

8  the claimed invention;

9            (4)    copying of the claimed invention by others;

10            (5)    unexpected and superior results from the claimed invention

11            (6)    acceptance by others of the claimed invention as shown by

12  praise from others in the field or from the licensing of the claimed invention;

13            (7)    other evidence tending to show nonobviousness;

14            (8)    independent invention of the claimed invention by others before

15  or at about the same time as the named inventor thought of it; and

16    (9)    other evidence tending to show obviousness.

17  [Model Patent Jury Instructions for the Northern District of California 4.3b]

18    PROPOSED BY:                  \_\_\_\_\_

19    GIVEN AS PROPOSED          \_\_\_\_\_

20    GIVEN AS MODIFIED           \_\_\_\_\_

21    GIVEN ON COURT'S OWN MOTION  \_\_\_\_\_

22    REFUSED                      \_\_\_\_\_

23    WITHDRAWN                 \_\_\_\_\_

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1
2

## Jury Instruction 36

### Willful Infringement

3    In this case, Hydrodynamic argues that Green Max willfully infringed the
4  Hydrodynamic's patent.

5    To prove willful infringement, Hydrodynamic must first persuade you that
6  Green Max infringed a valid claim of Hydrodynamic's patent.  Green Max has
7  stipulated that it infringed the '385 patent.  If you determine that the '385 patent is
8  also valid, you should next determine if the infringement was willful.

9    To prove willful infringement, Hydrodynamic must persuade you that it is
10  highly probable that before the complaint was filed in in this case, Green Max
11  acted with reckless disregard of the claims of Hydrodynamic's patent.

12    To demonstrate such "reckless disregard," Hydrodynamic must satisfy a
13  two-part test.  The first part of the test is objective.  Hydrodynamic must persuade
14  you that Green Max acted despite an objectively high likelihood that its actions
15  constituted infringement of a valid and enforceable patent.  The state of mind of
16  Green Max is not relevant to this inquiry.  Rather, the appropriate inquiry is
17  whether the defenses put forth by Green Max, fail to raise any substantial question
18  with regard to infringement or validity or enforceability.  Only if you conclude that
19  the defenses fail to raise any substantial question with regard to infringement or
20  validity, do you need to consider the second part of the test.

21    The second part of the test does depend on the state of mind of Green Max.
22  Hydrodynamic must persuade you that Green Max actually knew, or it was so
23  obvious that Green Max should have known, that its actions constituted
24  infringement of a valid patent.

25    In deciding whether Green Max acted with reckless disregard for
26  Hydrodynamic's patent, you should consider all of the facts surrounding the
27  alleged infringement including, but not limited to, the following factors.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

47

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1    Factors that may be considered as evidence that Green Max was not willful

2  include:

3    (1)    Whether Green Max acted in a manner consistent with the standards

4  of commerce for its industry; and

5    (2)    Although there is no obligation to obtain an opinion of counsel

6  whether Green Max relied on a legal opinion that was well-supported and

7  believable and that advised Green Max (1) that the product did not infringe

8  Hydrodynamic's patent or (2) that the patent was invalid or unenforceable.

9    Factors that may be considered as evidence that Green Max was willful

10  include:

11    (1)    Whether Green Max intentionally copied a product of Hydrodynamic

12  covered by the patent.

13

14  [Model Patent Jury Instructions for the Northern District of California 3.10]

15    PROPOSED BY:                         _____

16    GIVEN AS PROPOSED                    _____

17    GIVEN AS MODIFIED                    _____

18    GIVEN ON COURT'S OWN MOTION          _____

19    REFUSED                             _____

20    WITHDRAWN                           _____

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

48

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1
2

### Jury Instruction 37

### Patent Damages – Burden Of Proof

3     I will instruct you about the measure of damages. By instructing you on

4 damages, I am not suggesting which party should win on any issue. If you find

5 that Green Max infringed any valid claim of the '385 patent, you must then

6 determine the amount of money damages to be awarded to Hydrodynamic to

7 compensate it for the infringement.

8     The amount of those damages must be adequate to compensate

9 Hydrodynamic for the infringement. A damages award should put the patent holder

10 in approximately the financial position it would have been in had the infringement

11 not occurred, but in no event may the damages award be less than a reasonable

12 royalty. You should keep in mind that the damages you award are meant to

13 compensate the patent holder and not to punish an infringer.

14     Hydrodynamic has the burden to persuade you of the amount of its damages.

15 You should award only those damages that Hydrodynamic more likely than not

16 suffered. While Hydrodynamic is not required to prove its damages with

17 mathematical precision, it must prove them with reasonable certainty.

18 Hydrodynamic is not entitled to damages that are remote or speculative.

19 [Model Patent Jury Instructions for the Northern District of California 5.1]

20     PROPOSED BY:                          _____

21     GIVEN AS PROPOSED                      _____

22     GIVEN AS MODIFIED                      _____

23     GIVEN ON COURT'S OWN MOTION            _____

24     REFUSED                               _____

25     WITHDRAWN                             _____

26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

49

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 38

2

3

## LOST PROFITS – GENERALLY

4

In this case, Hydrodynamic seeks to recover lost profits for some of Green

5  Max's sales of its X-treme sea scooters, and a reasonable royalty on the rest of

6  Green Max's sales. To recover lost profits for infringing sales, Hydrodynamic must

7  show that but for the infringement there is a reasonable probability that it would

8  have made sales that Green Max made of the infringing product. Hydrodynamic

9  must show the share of Green Max's sales that it would have made if the infringing

10  product had not been on the market.

11  You must allocate the lost profits based upon the customer demand for the patented

12  feature of the infringing product. That is, you must determine which profits derive

13  from the patented invention that Green Max sells, and not from other features of

14  the infringing product.

15  [Model Patent Jury Instructions for the Northern District of California 5.3]

16         PROPOSED BY:                               _____

17         GIVEN AS PROPOSED                          _____

18         GIVEN AS MODIFIED                          _____

19         GIVEN ON COURT'S OWN MOTION                _____

20         REFUSED                                    _____

21         WITHDRAWN                                  _____

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

## Jury Instruction 39

### Lost Profits – Factors To Consider

Hydrodynamic is entitled to lost profits if it proves all of the following:

(1) that there was a demand for the patented product;

(2) that there were no non-infringing substitutes, or, if there were, the number of the sales made by Green Max that Hydrodynamic would have made despite the availability of other non-infringing substitutes. An alternative may be considered as a potential substitute even if it was not actually on sale during the infringement period. Factors suggesting that the alternative was available include whether the material, experience, and know-how for the alleged substitute were readily available. Factors suggesting that the alternative was not available include whether the material was of such high cost as to render the alternative unavailable and whether Green Max had to design or invent around the patented technology to develop an alleged substitute;

(3) that Hydrodynamic had the manufacturing and marketing capacity to make any sales actually made by the infringer and for which Hydrodynamic seeks an award of lost profits; and

(4) the amount of profit that Hydrodynamic would have made if Green Max had not infringed.

[Model Patent Jury Instructions for the Northern District of California 5.3]

PROPOSED BY: _____

GIVEN AS PROPOSED _____

GIVEN AS MODIFIED _____

GIVEN ON COURT'S OWN MOTION _____

REFUSED _____

WITHDRAWN _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

## Jury Instruction 40
## Lost Profits – Market Share

One way Hydrodynamic may prove the number of sales it would have made if the infringement had not happened is to prove its share of the relevant market excluding infringing products. You may award Hydrodynamic a share of profits equal to that market share.  In deciding Hydrodynamic's market share, you must decide which products are in Hydrodynamic's market.  Products are in the same market if they are sufficiently similar to compete against each other. Two products are sufficiently similar if one does not have a significantly higher price than or possess characteristics significantly different than the other.

[Model Patent Jury Instructions for the Northern District of California 5.3a]

PROPOSED BY:                                          _____

GIVEN AS PROPOSED                          _____

GIVEN AS MODIFIED                            _____

GIVEN ON COURT'S OWN MOTION        _____

REFUSED                                                  _____

WITHDRAWN                                          _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

52

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 41

### Lost Profits – Price Erosion

Hydrodynamic can recover additional damages if it can show to a reasonable probability that, if there had been no infringement, Hydrodynamic would have been able to charge higher prices for some of its products. In that case, you may also award as additional damages the amount represented by the difference between the amount of profits that Hydrodynamic would have made by selling its product at the higher price and the amount of profits Hydrodynamic actually made by selling its product at the lower price that Hydrodynamic charged for its product. This type of damage is referred to as price erosion damage.

If you find that Hydrodynamic suffered price erosion, you may also use the higher price in determining Hydrodynamic's lost profits from sales lost because of the infringement. In calculating a Hydrodynamic's total losses from price erosion, you must take into account any drop in sales that would have resulted from a higher price. You may also award as damages the amount of any increase in costs of Hydrodynamic, such as additional marketing costs, caused by competition from the infringing product.

[Model Patent Jury Instructions for the Northern District of California 5.5]

PROPOSED BY: _____

GIVEN AS PROPOSED _____

GIVEN AS MODIFIED _____

GIVEN ON COURT'S OWN MOTION _____

REFUSED _____

WITHDRAWN _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

53

JURY INSTRUCTIONS

1

## Jury Instruction 42

2

### Reasonable Royalty – Entitlement

3      If Hydrodynamic has not proved its claim for lost profits, or has proved its

4  claim for lost profits for only a portion of the infringing sales, then Hydrodynamic

5  should be awarded a reasonable royalty for all infringing sales for which it has not

6  been awarded lost profits damages.

7      [Model Patent Jury Instructions for the Northern District of California 4.3b]

8      PROPOSED BY:                                        _____

9      GIVEN AS PROPOSED                                   _____

10     GIVEN AS MODIFIED                                   _____

11     GIVEN ON COURT'S OWN MOTION                         _____

12     REFUSED                                             _____

13     WITHDRAWN                                           _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

54

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 43

### Reasonable Royalty – Definition

A royalty is a payment made to a patent holder in exchange for the right to make, use or sell the claimed invention.  This right is called a "license."  A reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between Hydrodynamic and Green Max taking place at the time when the infringing activity first began.  In considering the nature of this negotiation, you must assume that Hydrodynamic and Green Max would have acted reasonably and would have entered into a license agreement.  You must also assume that both parties believed the patent was valid and infringed.   our role is to determine what the result of that negotiation would have been.  The test for damages is what royalty would have resulted from the hypothetical negotiation and not simply what either party would have preferred.

A royalty can be calculated in several different ways and it is for you to determine which way is the most appropriate based on the evidence you have heard.  One way to calculate a royalty is to determine what is called an "ongoing royalty."  To calculate an ongoing royalty, you must first determine the "base," that is, the product on which the infringer is to pay.  You then need to multiply the revenue the defendant obtained from that base by the "rate" or percentage that you find would have resulted from the hypothetical negotiation.  For example, if the patent covers a nail, and the nail sells for $1, and the licensee sold 200 nails, the base revenue would be $200.  If the rate you find would have resulted from the hypothetical negotiation is 1%, then the royalty would be $2, or the rate of .01 times the base revenue of $200.

If the patent covers only part of the product that the infringer sells, then the base would normally be only that feature or component.  For example, if you find that for a $100 car, the patented feature is the tires which sell for $5, the base revenue would be $5.  However, in a circumstance in which the patented feature is

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

55

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

the reason customers buy the whole product, the base revenue could be the value of the whole product. Even if the patented feature is not the reason for customer demand, the value of the whole product could be used if, for example, the value of the patented feature could not be separated out from the value of the whole product. In such a case, however, the rate resulting from the hypothetical negotiation would be a lower rate because it is being applied to the value of the whole product and the patented feature is not the reason for the customer's purchase of the whole product.

A second way to calculate a royalty is to determine a one-time lump sum payment that the infringer would have paid at the time of the hypothetical negotiation for a license covering all sales of the licensed product both past and future. This differs from payment of an ongoing royalty because, with an ongoing royalty, the licensee pays based on the revenue of actual licensed products it sells. When a one-time lump sum is paid, the infringer pays a single price for a license covering both past and future infringing sales.

It is up to you, based on the evidence, to decide what type of royalty is appropriate in this case.

[Model Patent Jury Instructions for the Northern District of California 5.7]

PROPOSED BY:                          _____

GIVEN AS PROPOSED                     _____

GIVEN AS MODIFIED                     _____

GIVEN ON COURT'S OWN MOTION           _____

REFUSED                               _____

WITHDRAWN                             _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

56

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 44

### Date Of Commencement – Products

Damages that Hydrodynamic may be awarded by you to commence on the date that Green Max has both infringed and been notified of the '385 patent:

Hydrodynamic and Green Max agree that Mr. Meske, the President, CEO and owner of Green Max was made aware of the '385 patent on January 4, 2007

[Model Patent Jury Instructions for the Northern District of California 5.8]

PROPOSED BY:                          _____

GIVEN AS PROPOSED                     _____

GIVEN AS MODIFIED                     _____

GIVEN ON COURT'S OWN MOTION           _____

REFUSED                               _____

WITHDRAWN                             _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

57

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

**Jury Instruction 45**

**Claims and Defenses regarding Copyright**

The plaintiff, Hydrodynamic claims ownership of a copyright in the user manual of Hydrodynamic's sea scooter and seeks damages against the defendant, Green Max for copyright infringement. Green Max denies infringing the copyright. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

[Ninth Circuit Model Civil Jury Instructions]

PROPOSED BY:                    _____

GIVEN AS PROPOSED               _____

GIVEN AS MODIFIED               _____

GIVEN ON COURT'S OWN MOTION     _____

REFUSED                         _____

WITHDRAWN                       _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

## Jury Instruction 46

### Copyright Infringement—Elements—Ownership And Copying

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright. On the Hydrodynamic's copyright infringement claim, the Hydrodynamic has the burden of proving both of the following by a preponderance of the evidence:

1. Hydrodynamic is the owner of a valid copyright; and

2. Green Max copied original elements from the copyrighted work.

If you find that Hydrodynamic has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, Hydrodynamic has failed to prove either of these elements, your verdict should be for the Green Max.

[Ninth Circuit Model Civil Jury Instructions 17.4]

PROPOSED BY:                              _____

GIVEN AS PROPOSED                 _____

GIVEN AS MODIFIED                   _____

GIVEN ON COURT'S OWN MOTION   _____

REFUSED                                       _____

WITHDRAWN                               _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

59

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 47

2

### Copying—Access And Substantial Similarity

3    As previously stated, plaintiff has the burden of proving that the defendant

4  copied original elements from the plaintiff's copyrighted work. The plaintiff may

5  show the defendant copied from the work by showing by a preponderance of the

6  evidence that the defendant had access to the plaintiff's copyrighted work and that

7  there are substantial similarities between the defendant's work and original

8  elements of the plaintiff's work.

9    In the absence of any proof of access to the copyrighted work, the plaintiff

10  may still show infringement by showing that the copyrighted work and the

11  allegedly infringing work are "strikingly similar."

12

13  [Ninth Circuit Model Civil Jury Instructions 17.15; *see Three Boys Music Corp. v.*

14  *Bolton*, 212 F.3d 477, 485 (9th Cir.2000) (in the absence of any proof of access, "a

15  copyright plaintiff can still make out a case of infringement by showing that the

16  songs were 'strikingly similar'") (citing *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th

17  Cir.1996) and *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.) (access may be

18  inferred from "striking similarity"), cert. denied, 484 U.S. 954 (1987); *Selle v.*

19  *Gibb*, 741 F.2d 896, 903 (7th Cir.1984) (a striking similarity is one sufficiently

20  unique or complex as to make it unlikely that it was independently created).]

21    PROPOSED BY:                    _____

22    GIVEN AS PROPOSED               _____

23    GIVEN AS MODIFIED               _____

24    GIVEN ON COURT'S OWN MOTION     _____

25    REFUSED                         _____

26    WITHDRAWN                       _____

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

60

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1
2

## Jury Instruction 48

### Copyright Infringement—Copying—Access Defined

As previously stated, the plaintiff must show by a preponderance of the evidence that the defendant or whoever created the work owned by the defendant had access to the plaintiff's work. You may find that the defendant had access to the plaintiff's work if the defendant or whoever created the work owned by the defendant had a reasonable opportunity to view, read or copy the plaintiff's work before the defendant's work was created.

[Ninth Circuit Model Civil Jury Instructions 17.16]

PROPOSED BY:                                      _____

GIVEN AS PROPOSED                                 _____

GIVEN AS MODIFIED                                 _____

GIVEN ON COURT'S OWN MOTION                       _____

REFUSED                                           _____

WITHDRAWN                                         _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

1

## Jury Instruction 49

2  **Derivative Liability—Vicarious Infringement—Elements And Burden Of**

3  **Proof**

4       If you find that YongKang Shukeda Metal Factory infringed

5  Hydrodynamic's copyright in its sea scooter user manual, you may consider the

6  plaintiff's claim that Green Max vicariously infringed that copyright.

7  Hydrodynamic has the burden of proving each of the following by a preponderance

8  of the evidence:

9  1. Green Max profited directly from the infringing activity of YongKang Shukeda

10 Metal Factory;

11 2. Green Max had the right and ability to supervise or control the infringing

12 activity of YongKang Shukeda Metal Factory, and

13 3. Green Max failed to exercise that right and ability.

14       If you find that Hydrodynamic proved each of these elements, your verdict

15 should be for the Hydrodynamic if you also find that YongKang Shukeda Metal

16 Factory infringed Hydrodynamic's copyright.  If, on the other hand, Hydrodynamic

17 has failed to prove any of these elements, your verdict should be for Green Max.

18       [Ninth Circuit Model Civil Jury Instructions 17.20]

19       PROPOSED BY:                                    _____

20       GIVEN AS PROPOSED                               _____

21       GIVEN AS MODIFIED                               _____

22       GIVEN ON COURT'S OWN MOTION                     _____

23       REFUSED                                         _____

24       WITHDRAWN                                       _____

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

62

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 50

### Derivative Liability—Contributory Infringement

A defendant may be liable for copyright infringement engaged in by another if it knew or had reason to know of the infringing activity and intentionally induces or materially contributes to that infringing activity.

If you find that YongKang Shukeda Metal Factory infringed Hydrodynamic's copyright in the sea scooter user manual, you may proceed to consider Hydrodynamic's claim that the defendant contributorily infringed that copyright. To prove copyright infringement, Hydrodynamic must prove both of the following elements by a preponderance of the evidence:

1. Green Max knew or had reason to known of the infringing activity of YongKang Shukeda Metal Factory; and

2. Green Max intentionally induced or materially contributed to YongKang Shukeda Metal Factory's infringing activity.

If you find that YongKang Shukeda Metal Factory infringed Hydrodynamic's copyright and you also find that Hydrodynamic has proved both of these elements, your verdict should be for Hydrodynamic. If, on the other hand, Hydrodynamic has failed to prove either or both of these elements, your verdict should be for Green Max.

[Ninth Circuit Model Civil Jury Instructions 17.21]

PROPOSED BY:                          _____

GIVEN AS PROPOSED                     _____

GIVEN AS MODIFIED                     _____

GIVEN ON COURT'S OWN MOTION           _____

REFUSED                               _____

WITHDRAWN                             _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

63

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

## Jury Instruction 51

### Copyright—Damages

If you find that Green Max has infringed Hydrodynamic's copyright, you must then determine Hydrodynamic's damages. Hydrodynamic is entitled to recover the actual damages suffered as a result of the infringement. In addition, Hydrodynamic is also entitled to recover any profits of Green Max attributable to the infringement. Hydrodynamic must prove damages by a preponderance of the evidence.

[Ninth Circuit Model Civil Jury Instructions 17.22]

PROPOSED BY:                                         _____

GIVEN AS PROPOSED                                    _____

GIVEN AS MODIFIED                                    _____

GIVEN ON COURT'S OWN MOTION                          _____

REFUSED                                              _____

WITHDRAWN                                            _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

64

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Jury Instruction 52

### Copyright—Damages—Actual Damages

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages mean the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

[Ninth Circuit Model Civil Jury Instructions 17.23]

PROPOSED BY:                          _____

GIVEN AS PROPOSED                     _____

GIVEN AS MODIFIED                     _____

GIVEN ON COURT'S OWN MOTION           _____

REFUSED                               _____

WITHDRAWN                             _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001

## Jury Instruction 53

### Copyright—Damages—Defendant's Profits

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of Green Max's profits only if you find that the plaintiff showed a causal relationship between the infringement and the Green Max's gross revenue.

Green Max's profit is determined by subtracting all expenses from the defendant's gross revenue.

Green Max's gross revenue is all of the defendant's receipts from the sale of a product containing or using the copyrighted work. The Hydrodynamic has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all overhead costs and production costs incurred in producing Green Max's gross revenue. The defendant has the burden of proving Green Max's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

Generally, deductions of defendant's expenses are denied where the defendant's infringement is willful or deliberate.

[Ninth Circuit Model Civil Jury Instructions 17.24; *See Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1331-32 (9th Cir.1984).]

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

66

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

1  PROPOSED BY:                          _____

2  GIVEN AS PROPOSED                     _____

3  GIVEN AS MODIFIED                     _____

4  GIVEN ON COURT'S OWN MOTION           _____

5  REFUSED                               _____

6  WITHDRAWN                             _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

67

JURY INSTRUCTIONS

LITIOC/2084609v1/102567-0001

### Jury Instruction 54

### Copyright—Damages—Willful Infringement

An infringement is considered willful when Hydrodynamic has proved both of the following elements by a preponderance of evidence e

    a. Green Max engaged in acts that infringed the copyright; and

    b. Green Max knew that those acts infringed the copyright, or defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights.

To refute evidence of willful infringement, the defendant must "not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief."

[Ninth Circuit Model Civil Jury Instructions 17.27; *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 293 (9th Cir.1997) ("Willful" means acting "with knowledge that [one's] conduct constitutes copyright infringement."), rev'd on other grounds, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S.340 (1998).]

    PROPOSED BY:               _____

    GIVEN AS PROPOSED      _____

    GIVEN AS MODIFIED       _____

    GIVEN ON COURT'S OWN MOTION  _____

    REFUSED                    _____

    WITHDRAWN              _____

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084609v1/102567-0001