O

# United States District Court
# Central District of California

| | |
|---|---|
| HYDRODYNAMIC INDUSTRIAL CO LTD,<br><br>     Plaintiff,<br><br>  v.<br><br>GREEN MAX DISTRIBUTORS INC; DOES 1–10, inclusive,<br><br>     Defendants. | Case No. 2:12-cv-05058-ODW(JEMx)<br><br>**AMENDED ORDER[1] DENYING JOINT STIPULATION [162] AND ORDER TO SHOW CAUSE RE. SETTLEMENT** |

  On June 26, 2014, the parties filed a Joint Stipulation to Enforce the Settlement Agreement. (ECF No. 162.) The parties indicate that certain settlement acts must be completed, including a final payment of settlement funds, before they will file a notice of dismissal. The parties note that the final settlement payment will be completed in September 2015. (*Id.*)

  The parties request that this case tarry on the docket for over a year while they finalize their settlement. The Court understands that Hydrodynamic wants to protect its legal rights in case Green Max breaches the settlement agreement. But breach of a settlement agreement gives rise to a separate claim—one distinct from the underlying

---

[1] This Order supersedes the Court's August 21, 2014 Order to the extent that they are inconsistent, including any dates set forth in that Order.

merits of this action. *See Sharpe v. F.D.I.C.*, 126 F.3d 1147, 1153 (9th Cir. 1997) ("It is beyond cavil that this failure to perform the express terms of the settlement agreement is a breach."). The parties therefore have an adequate, independent remedy to address any potential breach.

The Court has no problem with retaining jurisdiction over the case to enforce the settlement agreement. But the Court can accomplish this purpose while still closing the case. If a party fails to honor the settlement agreement, the other party may move the Court to enforce the agreement, such as through imposition of sanctions.

The Court therefore **DENIES IN PART** the parties' Joint Stipulation to the extent that they seek to finalize settlement in September 2015. (ECF No. 162.) The Court will permit the parties 60 days to finalize settlement or otherwise stipulate to closing the case, subject of course to the Court retaining jurisdiction to enforce the settlement agreement and permanent injunction. The Court consequently **ORDERS** the parties to **SHOW CAUSE** in writing by **Monday, October 20, 2014**, why they have not finalized settlement. No hearing will be held. The Court will discharge this order upon filing of a stipulated dismissal and proposed order. The Court will not permit extensions absent a compelling showing of good cause.

**IT IS SO ORDERED.**

August 22, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**